JUAN FELICIANO and MARÍA SANTANA FALERO, Plaintiffs and Appellees, *v.* JOSÉ RAMÓN QUIÑONES, RAFAEL LANDRÓN LANDRÓN and JOAQUÍN VELILLA, members of the Public Service Commission, Defendants and Appellants.

No. 8314. Argued May 28, 1941.—Decided June 10, 1941.

*Tomás Torres Pérez,* Counsel for the Public Service Commission, for appellants; *Rafael Rivera Zayas* and *Miguel Guerra Mondragón* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The Public Service Commission of Puerto Rico took this appeal to review a writ of injunction directed against it, ordering to abstain, by itself or by its agents or employees, from enforcing its order of November 20, 1938, issued in

case J–5828, whereby it ordered the elimination of the grade-crossing which exists at present in Cerra Street of the ward of Santurce of this city.

As appears from the record, the Commissioner of the Interior of Puerto Rico, on August 18, 1938, filed a petition before said commission in which, after pointing out the constant danger to which the people who travel in their vehicles along that place are subject, he requests that it be ordered closed, and at the same time notifies the Commission of his department's intention to construct with funds supplied by the Federal Government, a detour in Fernández Juncos Avenue, which, beginning on Stop 18, will join the drawbridge on highway No. 2 from San Juan to Bayamón, and will make the grade-crossing unnecessary.

The American Railroad Co. of Puerto Rico, owner of the tracks laid across the grade-crossing, after being informed of the petition, appeared on September 1, 1938 before the Commission, and after setting forth the dangers and inconveniences of the aforesaid grade-crossing, expressed its agreement with the request made by the Commissioner of the Interior.

At this stage, on October 1, 1938, the Public Service Commission issued an advertisement which it caused to be published in the daily newspaper "El Mundo" on October 3 and 5, 1938, which copied *verbatim* says as follows:

"Advertisement.—Case No. J–5828.

"In the Public Service Commission of Puerto Rico.

"Announcement: Public Hearing as to the request made by the Honorable Commissioner of the Interior to eliminate the grade-crossing in Cerra Street, Stop 15, on highway No. 2 from San Juan to Bayamón, which on that place crosses three parallel tracks of the American Railroad Co. of Puerto Rico.

"By the present announcement it is stated for public notice that the petition aforesaid is under the consideration of this Board, and that in it the Commissioner of the Interior alleges that the grade-crossing which actually exists in Cerra Street, Stop 15, of Santurce, on highway No. 2 from San Juan to Bayamón, which crosses three

parallel railroad tracks of the 'American Railroad Co. of Puerto Rico,' constitutes a menace to public security, and that with the only purpose of preventing fatal accidents, he proposes, with moneys assigned by the Federal Government to that purpose, to construct a detour of said highway, which beginning at Stop 18, Fernández Juncos Avenue, will join the drawbridge on highway No. 2 from San Juan to Bayamón; that the elimination of said grade-crossing will in no manner affect traffic along Cerra Street, which shall continue to have access to the new detour by streets which shall join it both above and below the aforesaid grade-crossing, and that the construction of the aforesaid detour will not only end this imminent danger against public security, but will also considerably help the present traffic conditions, since it will contain space for four lanes of vehicles and double sidewalks. Wherefore the Commissioner of the Interior has requested this commission to order the elimination of the grade-crossing in accordance with paragraph (s) of Section 3 of Act No. 70 (Public Service Act), approved on December 6, 1917.

"Every person who desires to take a part and be heard at the public hearing which this commission will hold on the aforesaid petition on October 7, 1938 at 10 a. m. shall file before said date a writing stating in detail the facts on which he bases his right to intervene and be heard, sending a copy thereof to the Commissioner of the Interior and sending to this office proof of that notification.

"San Juan, P. R. October 1, 1938. (Sgd.) Luis Freyre Díaz, Secretary."

On October 7, 1938, as had been stated in the aforesaid announcement, the hearing was held, with the attendance of the Commissioner of the Interior, represented by Attorney Angel C. Calderón; the Government of the Capital City, by its Manager Dr. Carlos M. de Castro; American Railroad Co. of Puerto Rico, by Attorney Donald R. Dexter, and the opposing parties, Antonio Lago, Angel Gelpí Arroyo, F. Negrón Rodríguez, Víctor Manuel Monsanto, Cruz Correa, Nicolás Monsanto Cirico, Luis Cortés and Fernando Noa.

On October 29, 1938, the commission approved the petition filed by the Commissioner of the Interior and rendered the order which was later attacked, whose executive part states as follows:

"Taking in consideration all the concurrent circumstances of this case, this commission decides to authorize the aforesaid elimination under condition that the proper over or under passages for pedestrians be established, and under condition also that the street which runs parallel from Miramar to Stop 21, will not be closed to vehicular traffic, and neither will Cerra Street, in the part that reaches the tracks of the American Railroad Co. from Ponce de León Avenue to the south, and from the drawbridge on highway No. 2 near Stop 15, to the north, up to the aforesaid grade-crossing.

"It must be understood that this authorization is given without prejudice to the right of the parties who may be damaged to claim, in any manner legally authorized by our statutes, the proper compensation for the damages they may suffer.

"It must also be understood that the elimination of this grade-crossing in Cerra Street is authorized on condition that it will not be effective until another crossing not at grade be constructed in the place indicated in the plan presented at the hearing, which is attached to and made a part of this order. The details of this construction will appear in a project prepared therefor by the Department of the Interior, which must be approved by this commission for the purposes of this construction."

The plaintiffs appellees, alleging to be owners of the two properties adjacent to the grade-crossing, who did not attend the hearing held by the Public Service Commission and who were notified only by the publication of the aforecopied announcement, resorted to the lower court alleging eight reasons whereby they estimate that the aforesaid order is null and void and in our judgment, the most important, because they are jurisdictional in character, are the following:

"(c) Because the plaintiffs, in their capacity as owners of properties adjacent to the aforesaid grade-crossing whose elimination or abolition has been ordered, did not receive the proper notice from the Public Service Commission or from any other person or entity, of the hearing held on October 7, 1938, by virtue of the petition filed by the Commissioner of the Interior, as alleged in the six paragraphs of this complaint."

"(e) Because neither the plaintiffs nor any of the other owners of property adjacent to said grade-crossing,had an opportunity of intervening in said hearing or of being heard."

846

The commission answered opposing the averments of the complaint, alleging, among other reasons, that the order attacked was rendered after public notice had been made and a hearing held, and that it was unnecessary to personally notify the owners of adjacent property, because they were not parties legally interested in the matter, since the "properties, materials, etc., would not be prejudiced or destroyed by the elimination ordered." The lower court, after the proper trial, found proven that the plaintiffs were owners of adjacent property and that they had not been notified except by the publication of the aforecopied announcement, and issued the writ of injunction object of this appeal.

There is no doubt that the plaintiffs have the character of adjacent owners, since the fact that between the grade-crossing and their properties there is a street or highway, does not deprive them of that character. See the case *Tallapoosa Lumber Co.* v. *Copeland*, 164 So. 658, 659, 75 A.L.R. 1325.

Did the appellant act with jurisdiction in ordering that the grade-crossing be closed without notifying the plaintiffs personally as owners of adjacent property? That is the issue on which the decision of this case turns.

The legal provision applicable is that contained in the third paragraph of Section 34 of the Public Service Act of Puerto Rico, (Laws of 1917 (2), p. 432, 494,) which states as follows:

"The commission shall also have exclusive power, upon its own motion or upon complaint, and after hearing, as hereinafter provided (of which all the parties in interest, including *the owners of adjacent property, shall have due notice*), to order any crossing aforesaid, now existing or hereafter constructed, to be relocated or altered, or to be abolished, according to plans and specifications to be approved and upon just and reasonable terms and conditions to be prescribed by the commission." (Italics supplied.)

The commission did not give to the appellees the due notice which the law expressly demands be given to the own-

ers of adjacent property. When the law demands that certain persons be notified of a proceeding, be it before a court of justice or an administrative board, the notice or summons must be made personally as long as it can thus be made through the exercise of reasonable diligence, since the notice by publication or constructive notice is based on necessity, and it can only be resorted to in those cases where notice cannot be personally made, because the person to be summoned is not a resident, or being a resident is outside the territory or cannot be found, or hides to prevent the service of the summons. 21 R.C.L. 1288, Section 32; *McDaniel* v. *McElvy*, 51 A.L.R. 731.

As stated in 51 C.J. 84, 85, cited by the appellees, the remedy of injunction lies to prevent a void order of a public service commission from being enforced, unless a statute provides another remedy to which exclusive recourse may be taken, and there is not in the Public Service Act an exclusive proceeding for cases like the one at bar.

It is really regrettable that by an error like that pointed out by the appellees we may have to render ineffective the order in question, but as we are dealing with a jurisdictional defect, since the law expressly demands that the owners of adjacent properties be given "due notice," the conclusion at which the trial court arrived in issuing the writ of injunction requested, is inevitable. The appellant, on being advised of its error, could very well have vacated the aforesaid order and then legally notified the appellees. If it had done so, this proceeding would have been definitely decided long ago.

In consequence thereof, the judgment appealed from must be affirmed.